UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQUIL ALKUFI,

    Petitioner,                       Case No. 13-20239

v.                                Honorable John Corbett O'Meara

UNITED STATES OF AMERICA,

    Respondent.
                                       /

**OPINION AND ORDER
GRANTING PETITIONER'S MOTION TO PROCEED IFP;
DENYING PETITION FOR APPOINTMENT OF COUNSEL;
DENYING PETITION FOR EVIDENTIARY HEARING; AND
DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

This matter came before the court on petitioner Aquil Alkufi's May 9, 2017 motions to vacate, set aside, or correct sentence; for leave to proceed *in forma paupris*; for appointment of counsel; and for evidentiary hearing. The government filed a response to the motion to vacate, set aside, or correct sentence August 15, 2017. No reply briefs were filed, and no oral argument was heard.

**BACKGROUND FACTS**

A jury convicted petitioner Aquil Alkufi on the following counts: Conspiracy to Possess with Intent to Distribute Controlled Substances, 21 U.S.C. §§ 846,

841(a)(1), (b)(1)(D), and (b)(1)(E)(I); Maintaining a Place for Purposes of Distributing Controlled Substances, 21 U.S.C. §§ 856(a)(1) and (b) and 18 U.S.C. § 2; and Possession of a Firearm in Furtherance of Drug Trafficking, 18 U.S.C. § 924(c) and 18 U.S.C. § 2. The court sentenced Petitioner to 84 months of imprisonment. Alkufi filed a timely appeal to the United States Court of Appeals for the Sixth Circuit, and the appellate court affirmed the convictions but remanded the matter for resentencing. The court resentenced Petitioner to 72 months of incarceration on May 24, 2016.

On May 9, 2017, petitioner Alkufi filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he alleged ineffective assistance of counsel in several areas. He specifically claimed that his trial lawyer was ineffective on the following nine grounds: 1) failure to file a Rule 29 motion to dismiss the conspiracy count charged in Count 5 for failure to prove the elements of the conspiracy; 2) failure to file a Rule 29 motion to dismiss the conspiracy count charged in Count 6 based upon lack of evidence linking him to the premises; 3) failure to file a Rule 29 motion to dismiss all counts based upon lack of evidence linking him to drug distribution and the conspiracy charge in Count 5; 4) failure to file a Rule 29 motion to dismiss the possession of a firearm in furtherance of a drug trafficking offense count; 5) failure to challenge the lack of evidence proving guilt; 6) failure to file a Rule 33 motion for

2

new trial based upon lack of evidence; 7) failure to ask for a contemporaneous limiting instruction for "other acts" evidence; 8) failure to investigate or explain to the court or the jury the Petitioner's alleged severe mental handicap; and 9) failure to argue pretrial for the dismissal of the felon in possession count. Petitioner Alkufi also alleges that his appellate counsel was ineffective on grounds 7 and 9. In addition to his motion to vacate sentence, Petitioner has moved for an evidentiary hearing, for appointment of counsel and to proceed *in forma paupris*.

## LAW AND ANALYSIS

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of an appeal of a civil or criminal action without the prepayment of fees or costs by a person who submits an affidavit that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The district court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert.denied, 488 U.S. 941 (1988). In this case Petitioner's claim of indigence is supported by the information supplied in support of his application, and the court will grant the petition to proceed *in forma pauperis*.

The appointment of counsel in a civil case is a privilege and not a constitutional right, one that should be allowed only in exceptional cases. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). The United States Court of Appeals for the Sixth Circuit has advised that district courts "should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit." Henry v. City of Detroit Manpower Dep't., 763 F.2d 757, 760 (6th Cir. 1985).

In this case petitioner Alkufi seeks appointment of counsel to assist him in filing his civil motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Although his lack of financial resources may qualify him for appointment of counsel, it appears that Petitioner's claims have no merit. Accordingly, the court must deny his motion for appointment of counsel.

The court will also deny Petitioner's motion for evidentiary hearing. The relevant statute directs the court to grant such a hearing unless the records of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the case law and the record, petitioner Alkufi is not entitled to a hearing; and the court will decide his motion on the briefs submitted.

In order to prevail on a § 2255 motion, "the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the

4

entire proceeding invalid.'" Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001)). Relief is warranted "only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

Ineffective representation can constitute a meritorious § 2255 claim. However, "claims will ordinarily not be entertained under § 2255 that have already been rejected on direct review." Reed v. Farley, 512 U.S. 339, 358 (1994). Thus, a petitioner "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." Clemons v. United States, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 20, 2005).

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the United States Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings,

> it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Id.

In this case, the first six arguments asserted by petitioner Alkufi are challenges to the sufficiency of the evidence against him on the counts upon which he was convicted. All of these challenges were litigated in his direct appeal. They are the same arguments heard by the Sixth Circuit now restated "in the guise of ineffective assistance of counsel." Clemons, supra, at *2. Accordingly, the court must deny Petitioner's motion regarding all six claims.

The seventh claim, asserting failure to move for a contemporaneous limiting instruction, was also litigated and lost on direct appeal. However, since a finding of ineffective assistance of counsel could be consistent with the appellate court's holding on direct appeal, Petitioner is able to raise this claim in his § 2255 motion. See Hestle v. United States, 426 Fed. Appx. 366, 367 (6th Cir. 2011). The claim nevertheless fails to provide relief for Petitioner because he cannot show prejudice. As the Sixth Circuit has already determined, "Since the court again instructed the jury about this evidence during the jury charge . . . the failure to give a contemporaneous limiting instruction does not render this evidence unduly prejudicial." United States v. Alkufi, 636 Fed. Appx. 323, 333 (6th Cir. 2016).

Petitioner's eighth claim is that defense counsel failed to investigate Petitioner's mental health issues and failed to properly present his conditions to the jury or to the court. This claim, however, confuses the legal concepts of competency, legal defense, and mitigation. Having certain mental conditions does not mean that a person falls within the legal definition of "incompetency" in such a way that he is unable to understand the nature and consequences of the proceedings against him or to assist in his defense or to provide him a defense at trial. The argument that defense counsel was ineffective for failing to make these issues known to the jury has no support, as this information would have been excluded as irrelevant because it did not give rise to a legal defense. Furthermore, it is clear from defense counsel's sentencing memorandum that he was aware of Petitioner's mental health history and urged the court to consider it during sentencing. This was proper and effective use of Petitioner's history and conditions to mitigate the sentence issued in this case. Defense counsel took reasonable steps and exercised professional judgment in investigating, understanding and relating to the court the petitioner's mental health.

Finally, petitioner Alkufi's last claim, that his lawyer failed to argue pretrial for the dismissal of the felon in possession charge, is without merit. The government proceeded to trial on the Second Superseding Indictment, which *did not include* a

felon in possession of a firearm count against Alkufi. This charge was never presented to the jury. The court will deny Petitioner's § 2255 motion in its entirety.

## ORDER

It is hereby **ORDERED** that petitioner Aquil Alkufi's May 9, 2017 motion for leave to proceed *in forma paupris* is **GRANTED.**

It is further **ORDERED** that Petitioner's May 9, 2017 motion for appointment of counsel is **DENIED.**

It is further **ORDERED** that Petitioner's May 9, 2017 motion for evidentiary hearing is **DENIED.**

It is further **ORDERED** that Petitioner's May 9, 2017 motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** in its entirety.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: October 25, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 25, 2017, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager